What is the purpose of R.C. 2950.09?
The current theory by social scientists and psychologists is that the habitual sexual offender is just that 'habitual' and not amenable to treatment. Therefore, the safety of the public at large requires that the individual be labeled and identified. Thus, the public can take steps to protect themselves and their families from this individual.
This current theory, like all current theories, can change as knowledge and medical science expands. At different times the current theory was that leprosy was contagious and incurable — that people with T.B. had to be in institutions and chicken pox and small pox patients were quarantined.
Even the practice of labeling an individual is not new. Nathaniel Hawthorne, in 'The Scarlet Letter', wrote that Hester had to be branded with the letter 'A' for her adultery.
That is the purpose of R.C. 2950.09, to brand a person. But before we do that to anyone we should be especially careful, deliberate, and mindful of the scars this puts not only on the individual but also on our society.
The Legislature set up a procedure to inflict this brand and they did so carefully so as to protect the individual's rights and to make sure that the statute passed constitutional scrutiny.
The Legislature deliberately placed it in the trial court's jurisdiction. Telling the trial court these people have been charged with being habitual i.e. (not amendable to treatment) sexual predators, notify the individuals, let them prepare to defend themselves, let the county prosecutor introduce evidence as to this classification. If the evidence, is 'clear and convincing' then so brand them.
The Legislature did not say if the evidence is not 'clear and convincing' brand them something else.
I completely disagree with the reasoning expressed inState v. Sturgeon (Nov. 13, 1998), Hamilton App. No. C-970751, unreported, and find the reason expressed in State v. Cox
(March 31, 1998), Franklin App. No. 97APA08-1006, unreported, more persuasive.
It is for these reasons I respectfully dissent.
APPROVED:
 ------------------------------ EDWARD A. COX, PRESIDING JUDGE